**WEEKS MARINE, INC.**                        **CIVIL ACTION**

**v.**                                                       **NO. 04-9**

**BOWMAN**                                         **SECTION "C" (3)**

## ORDER AND REASONS

Before the Court is Plaintiff Weeks Marine, Inc.'s Motion *in Limine* to Exclude any Testimony from G.J. Rod Sullivan, Jr. Esq ("Sullivan").  Having considered the briefs and the applicable law, the Court hereby **GRANTS** Plaintiff's motion.

Sullivan is an attorney who represented various plaintiffs in prior unrelated suits against Weeks Marine.  Based on his experience in those other suits, as well as independent online legal research he conducted, Sullivan testified in his deposition testimony that Weeks Marine has behaved similarly towards other maintenance and cure claimants as they have to Defendant Desmond Bowman ("Bowman") in this case.  Weeks Marine argues, *inter alia*, that such testimony is inadmissible character evidence which should be excluded under Federal Rule of Evidence 404(b)[1].  Bowman's response is two-fold.  He claims first, that Sullivan's testimony constitutes evidence of "plan" or "intent;" exceptions under Rule 404(b).  Second, Bowman argues that Weeks Marine's "character" is at issue in this case which renders Sullivan's

---

[1] Rule 404(b) provides: Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

testimony admissible under Rule 405.[2] The Court finds Sullivan's testimony inadmissible under Rule 404(b).

Sullivan admits to having no personal involvement in, or knowledge of, this particular case whatsoever. Sullivan Dep. at 16:3-5, 26:16-21. His testimony consists entirely of his experience dealing with Weeks Marine in previous, unrelated cases or what he has heard or read about other unrelated cases. Id. at 13:11-22. That is, his knowledge has no basis in any personal experience in this particular case. Nonetheless, Bowman offers Sullivan's testimony as evidence of "Weeks Marine's egregious and injurious behavior in adjusting maintenance and cure claims of seamen." Defendant, Desmond Bowman's, Memorandum in Opposition at 1. On its face, therefore, Sullivan's testimony appears to be mere proof of Weeks Marine propensity to behave a certain way in order to show that it acted that way in this case, which is inadmissible under 404(b).

Bowman argues, however, that Sullivan's testimony demonstrates Weeks Marine's behavior in this case was part of a larger plan to "mal-adjust[] maintenance and cure claims." Id. at 5. With respect to the "plan" exception of Rule 404(b), "[E]vidence of an extrinsic offense may be admissible when it logically raises an inference that the defendant was engaged in a larger, more comprehensive plan." United States v. Krezdorn, 639 F.2d 1327, 1331 (5th Cir. 1981). The record is void of any evidence or allegation that Weeks Marine's behavior in this case is part of a larger plan. Sullivan's testimony by itself perhaps demonstrates repeated

---

[2] Rule 405 provides: (a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b) Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

instances of similar behavior but nothing in it suggests that it is the company's plan or policy to hinder maintenance and cure claims.  It thus constitutes nothing more than impermissible propensity evidence under 404(b).[3]

Further, the Court rejects the argument that character is "at issue" in this case.  Bowman contends that character evidence is admissible here to determine the amount of damages due.  It claims that "Weeks Marine's bad conduct in Sullivan's cases are relevant to prove the degree of Week's Marine's bad conduct in the instant case."  Defendant, Desmond Bowman's, Memorandum in Opposition at 4.  Rule 404(b) exists to protect against this very line of argument.  Allowing Weeks Marine's prior bad conduct to figure in to the calculation of damages in this case would be assessing damages against Weeks Marine that it has not been found liable for here.

Weeks Marine's motion is **GRANTED** and Sullivan's testimony is therefore inadmissible at trial.

New Orleans, Louisiana, this 23nd day of May, 2006.

                                  HELEN G. BERRIGAN  
                                  UNITED STATES DISTRICT JUDGE