## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WEEKS MARINE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 04-0009** |
| **DESMOND BOWMAN** | **SECTION "C"(3)** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. CIV. PRO. 59(e)

**MAY IT PLEASE THE COURT**:

This memorandum is respectfully submitted in support of the Motion to Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, the motion should be granted.

### FACTUAL SUMMARY

In the previous trial on liability on November 4, 2004, the issues of maintenance and cure and attorneys' fees were decided in favor of defendant and counter-claimant, Desmond Bowman, and the issues of negligence and unseaworthiness were decided in favor of plaintiff, Weeks Marine. At the trial on liability on November 4, 2004, this Court concluded Bowman's injuries occurred while in the service of Weeks Marine and that Weeks Marine was obligated to pay Bowman maintenance and cure for the injuries to both his shoulder and back. (Rec. Doc. 47, p.

8).

This matter was tried again on May 25, 2006 on the issue of damages related to Week Marine's arbitrary and capricious denial of maintenance and cure. On July 28, 2006, this Court issued an Opinion awarding damages for Weeks Marine's arbitrary and capricious denial of maintenance and cure in favor of Desmond Bowman for: (1) maintenance from January 2005 through August 2005; (2) compensatory damages equivalent to net wages Bowman would have earned as a sheetrock finisher from July 1, 2004 through August 25, 2005; and (3) attorneys' fees. (Rec. Doc 88, p. 11). Despite awarding damages to Bowman, the Opinion denied Bowman's claim for lost wages based on the finding of no liability in the Jones Act and unseaworthiness trial on November 4, 2004. However, Bowman's lost wage claim in the last trial arose from Weeks Marine's tort of arbitrary and capricious denial of maintenance and cure, which prohibited Bowman's ability to return to employment. Whether this denial of cure, and resulting extension of the period of physical disability, caused Bowman to suffer lost wages was a contested issue of fact in the pre-trial order. (Rec. Doc. 79, pp. 11-12).

Weeks Marine's insupportable delay in providing the shoulder surgery, in contravention to the November 16, 2004 order of this Court, delayed Bowman's return to gainful employment. For this reason, the Motion to Amend Judgment should be granted and Bowman's lost wages from January 2004 through December 2005 should be awarded. Additionally, there should be an additur in the amount of $80,656, or another amount to be determined, which Bowman would have earned as a deckhand for Weeks Marine, had the surgery been timely provided thereby facilitating his return to work.

## LAW AND ARGUMENT

Bowman has filed the instant Motion to Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The grounds for granting a motion to amend under Rule 59(e) are: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). The basis for Bowman's motion falls under the third factor, to correct a clear error of law, by not awarding lost wages from January 2004 through December 2005 when this Court has found Weeks Marine at fault and liable for their arbitrary and capricious denial of maintenance and cure to Bowman. Ordinarily, when a seaman becomes ill or injured while in the service of the ship, the shipowner must pay him maintenance and cure, whether or not the shipowner was at fault or the ship unseaworthy. Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir. 1987). The cause of action for maintenance and cure includes three specific items of recovery: (1) maintenance, which is a living allowance, (2) cure, which covers nursing and medical expenses; and (3) wages. Flores v. Carnival Cruise Lines, 47 F.3d 1120, 1122 (11th Cir. 1995). These three items of recovery are awarded without the finding of fault on the shipowner.

However, when the shipowner is at fault and found to arbitrary and capricious in their refusal to provide maintenance and cure, as this Court has found in this case regarding Weeks Marine, then the seaman is entitled to full damages, including lost wages. The maritime tort committed by Weeks Marine for their arbitrary and capricious behavior in failing to provide maintenance and cure to Bowman entitles Bowman to general damages and lost wages. This Court has already found Weeks Marine at fault for this and has awarded general damages

resulting from the denial of maintenance and cure. Bowman submits that the Court should also award lost wages arising out of the same tort.

The United States Supreme Court has repeatedly declared that "the shipowner's liability for maintenance and cure was among the most pervasive of all and that it was not to be defeated by restrictive distinctions nor narrowly confined." Flores v. Carnival Cruise Lines, 47 F.3d 1120, 1123 (11th Cir. 1995), *citing*, Vaughn v. Atkinson, 369 U.S. 527, 532 (1962). Moreover, when there are ambiguities or doubts, they are resolved in favor of the seaman. Id.

The Fifth Circuit Court of Appeal has recognized that there is an escalating scale of liability when a Jones Act employer/vessel owner acted unreasonably in maintenance and cure benefits:

> "a shipowner who is in fact liable for maintenance and cure, but who has been reasonable in denying liability, may be held liable only for the amount of maintenance and cure. If the shipowner has refused to pay without a reasonable defense, he becomes liable in addition for compensatory damages. If the owner not only lacks a reasonable defense but has exhibited callousness and indifference to the seaman's plight, he becomes liable for punitive damages and attorneys' fees." Brown v. Parker Drilling Offshore Corp., 410 F.3d 166, 177 (5th Cir. 2005).

In the instant case, this Court properly found Weeks Marine was at fault and liable and for their arbitrary and capricious denial of maintenance and cure benefits to Bowman. This maritime *tort of arbitrary and capricious denial of maintenance and cure committed* by Weeks Marine prohibited Bowman from returning to work for Weeks Marine, and as a result, Bowman lost wages from January 2004 through December 2005 in the amount of $80,656. This Court, however, awarded compensatory damages equivalent to the net wages Bowman would have earned as a sheetrock finisher for Weeks Marine's arbitrary and capricious behavior in refusing to

4

provide maintenance and cure, but failed to award lost wages to Bowman from January 2004 through December 2005 based on the absence of liability on the part of Weeks Marine. (Rec. Doc. 88, p. 5). Additionally, this Court noted that Bowman intended to stay with Weeks Marine indefinitely, but for Weeks Marine's arbitrary and capricious nature in refusing maintenance and cure, Bowman could not return to employment, resulting in lost wages from January 2004 through December 2005. This failure to award lost damages constitutes legal error.

As previously stated, maintenance and cure is ordinarily awarded without fault on the part of the Jones Act employer/vessel owner. However, when fault is determined due to the arbitrary and capricious behavior of the Jones Act employer/vessel owner in refusing to provide maintenance and cure, this results in a maritime tort and entitles the seaman to full compensatory damages, including lost wages pursuant to Brown. The Court's refusal to award lost wages despite the Court's finding that Weeks Marine was at fault and arbitrary and capricious for refusing to provide maintenance and cure to Bowman is analogous to awarding special damages without awarding compensatory damages. Pursuant to Louisiana jurisprudence, it is reversible error to award special damages for a party's medical expenses while denying recovery to that party for pain and suffering. Martin v. Francis, 600 So.2d 1382, 1384 (La. App. 1st Cir. 1992); see also, Olivier v. Gray Ins. Co., 94-1313 (La. App. 3 Cir. 10/25/95), 664 So.2d 497, 498. Therefore, the Motion to Amend Judgment should be granted and lost wages in the amount of $80,656 should be awarded.

## CONCLUSION

This Court properly found Weeks Marine at fault and liable and for their arbitrary and capricious denial of maintenance and cure benefits to Bowman. This maritime tort of arbitrary

and capricious denial of maintenance and cure committed by Weeks Marine prohibited Bowman from returning to work for Weeks Marine, and as a result, Bowman lost wages from January 2004 through December 2005 in the amount of $80,656.

Maintenance and cure is ordinarily awarded without fault on the part of the Jones Act employer/vessel owner. However, when fault is determined due to the arbitrary and capricious behavior of the Jones Act employer/vessel owner in refusing to provide maintenance and cure, this results in a maritime tort and entitles the seaman to full compensatory damages, including lost wages pursuant to Brown. Also, as there is fault for the tortious denial of cure, as found by this court, and an award of general damages, Bowman submits that the Court should also award lost wages. For these reasons and the reasons previously stated, the Motion to Amend Judgment should be granted and lost wages in the amount of $80,656 should be awarded, or another amount as determined by the Court.

Respectfully submitted:

_____
Jeremiah A. Sprague
Bar Roll Number 24885
Attorney for Defendant, Desmond Bowman
Falcon Law Firm
5044 Lapalco Boulevard
Marrero, Louisiana 70072
Telephone: (504) 341-1234
Facsimile: (504) 341-8115
Email: jerry@falconlaw.com